UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ALAN CLAPP,<br>BOP #20816-298,<br><br>  Plaintiff,<br><br>vs.<br><br>SAN DIEGO CORRECTIONAL FACILITY,<br><br>  Defendant. | Civil No.   11-0018 WQH (BGS)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[ECF No. 2]**<br><br>**AND**<br><br>**(3)  DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Gary Alan Clapp, currently detained at the San Diego Correctional Facility has submitted a civil rights complaint *in pro se* pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*

*Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h) because he has been charged with criminal offenses and is awaiting sentence in *U.S.A. v. Clapp*, So. District Cal. Criminal Case No. 10-cr-03892-W-1.[1]

Under 28 U.S.C. § 1915, as amended by the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. His trust account statement shows insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no

---

[1] The "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [ECF No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations

of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

In his Complaint, which names only the San Diego Correctional Facility (SDCF), a private prison operated by the Correctional Corporation of America (CCA) as a Defendant, Plaintiff claims his "right to medical care" was violated in December 2010 when "correctional officers, counselors and ... sick call nurses" failed to adequately treat his toothache. (Compl. at 1-3.) Plaintiff claims he "was treated like dirt simply because [he] [wa]s a prisoner," and seeks $100,000 in both general and punitive damages for his injury. (*Id.* at 4.)

To state a claim under § 1983, however, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff's pleading does neither.

Moreover, had Plaintiff named individual defendants, the Court could, and would, liberally construe his claims to arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the "federal analog to suits brought against state officials under ... 42 U.S.C. § 1983." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (citation omitted). However, because Plaintiff seeks damages against the SDCF itself, a *Bivens* suit for damages is precluded because the CCA, which operates the SDCF, is a private corporation. *See Correctional Services Corp., v. Malesko*, 534 U.S. 61 (2001) (declining to apply *Bivens* to private corporations); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103-04 (9th Cir. 2004). "'[T]he purpose of *Bivens* is to deter *the officer*,' not the agency." *Malesko*, 534 U.S. at 69 (quoting *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)).

Therefore, Plaintiff's Complaint against the SDCF must be dismissed for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

/ / /

/ / /

**III.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Warden of the San Diego Correctional Facility, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Fred Lawrence, Warden, San Diego Correctional Facility, P.O. Box 438150, San Diego, California 92143-8150.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

5. Plaintiff is granted forty-five (45) days from the date this Order is Filed in which to file an Amended Complaint which addresses the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S. D. CAL. CIVLR 15.1. Any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Should Plaintiff elect *not* to proceed, this action shall remain dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and without further Order of the Court.

DATED: March 29, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge